UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL KLEMP, individually and on
behalf of all others similarly situated,

        Plaintiffs,

      v.                                   Case No. 19-C-691

FRANKLIN COLLECTION SERVICE, INC.,

        Defendant.

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Paul Klemp filed this action individually and on behalf of all others similarly situated alleging that Defendant Franklin Collection Service, Inc. (FCSI) engaged in conduct prohibited by, or failed to engage in conduct required by, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. Presently before the court is FCSI's motion to dismiss Klemp's complaint for failure to state a claim upon which relief may be granted. For the reasons stated below, FCSI's motion will be granted and the case will be dismissed.

**LEGAL STANDARD**

In considering a motion to dismiss, the court construes all allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 259, 533 (7th Cir. 2011). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ALLEGATIONS CONTAINED IN THE COMPLAINT

FCSI is a business engaged in the collection of defaulted consumer debts. On May 15, 2018, FCSI mailed a letter to Klemp, noting that Klemp had incurred and defaulted on a debt owed to AT&T. The top right-hand side of the letter contains a box summarizing the account:

| **OWED TO:** | **AT&T** |
|---|---|
| **FCSI CASE #:** | **030784509** |
| CLIENT ACCOUNT NUMBER: | [Redacted] |
| CHARGE FOR SERVICE: | $475.54 |
| CLIENT PROVIDED EQUIPMENT CHARGE: | $0.00 |
| TOTAL DUE THIS ACCOUNT: | 475.54 |

Dkt. No. 1-1 at 2. The body of the letter states:

> THIS ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTION, YOU HAVE AN OUTSTANDING BALANCE OF 475.54 OWED TO AT&T. IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER WE AGREE TO OFFER YOU A SETTLEMENT OF $332.88. TO ACCEPT THIS OFFER PLEASE SEND PAYMENT OF $332.88. IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING

2

>OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961.
>
>. . .
>
>*BE SURE TO INCLUDE YOUR FCSI CASE NUMBER.
>
>THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*Id.* The second page of the letter states, "When this letter was mailed no attorney has personally reviewed your account." *Id.* at 3. Klemp alleges that the letter is confusing to an unsophisticated consumer because it contains language suggesting that FCSI is a law firm that could bring a lawsuit against him when, in fact, FCSI is not a law firm. He claims the letter uses false, deceptive, and misleading representations or means to collect a debt in violation of 15 U.S.C. § 1692e of the FDCPA.

## ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The statute bars a debt collector's use of harassing, oppressive, and abusive conduct; false, deceptive, or misleading means or representations; and unfair or unconscionable means. 15 U.S.C. §§ 1692(d)–(f). To determine whether a claim is false, deceptive, or misleading, the court applies an objective standard, that of the "unsophisticated consumer." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007). "The unsophisticated consumer is uninformed, naïve, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making logical

3

deductions and inferences." *Williams v. OSI Educ. Servs.*, 505 F.3d 675, 678 (7th Cir. 2007) (internal alterations and quotation marks omitted).

Klemp argues that FCSI's letter violates the FDCPA because it gives the impression that it is from an attorney or law firm and leads unsophisticated consumers to believe FCSI could bring a lawsuit against them. In particular, Klemp asserts that the letter refers to FCSI as a "collection firm," leading the unsophisticated consumer to believe that FCSI is a law firm, and includes FCSI's case number and a statement encouraging the reader to contact an attorney regarding "remedies" and "defenses," two words commonly used in legal proceedings. Although standing alone, "remedies" and "defenses" are not exclusively used by lawyers, Klemp argues that, when viewed with the letter's other indicators that it is from an attorney, an unsophisticated consumer who is likely in default will believe a lawsuit is imminent. He also contends that the letter contains a disclaimer stating, "When this letter was mailed no attorney has personally reviewed your account." Dkt. No. 1-1 at 3. Such a disclaimer, Klemp explains, is a tacit acknowledgement that the unsophisticated consumer would likely view the letter as coming from an attorney and that the disclaimer does nothing to dispel the false impression that FCSI was hired to file a lawsuit in Wisconsin to collect debts.

Many of Klemp's arguments have been persuasively rejected by a number of district courts. For instance, in *Clark v. Franklin Collection Service, Inc.*, No. 14-CV-8067, 2015 WL 3486767 (D.N.J. June 2, 2015), the plaintiff received a debt collection letter that, in relevant part, stated, "IF YOU ARE NOT PAYING THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES." *Id.* at *1. The plaintiff alleged that the letter was misleading to the least sophisticated debtor, a standard which is highly deferential to the debtor but still presumes "a

4

basic level of understanding and willingness to read with care." *Id.* at *2 (citing *Wilson v. Quadramed*, 225 F.3d 350, 354–55 (3d Cir. 2000)). The court rejected the plaintiff's contention that the letter falsely implied a threat of litigation when the defendant had no intention of bringing suit, noting that, while words like "'remedies,' 'defenses,' 'firm,' 'case,' and 'attorney' do allude to legal rights," those words do not create a sufficiently concrete and imminent threat of litigation. *Id.* at *3. The court reasoned that

> In any effort to collect an unpaid debt, litigation is a theoretical possibility. Many legal terms like "rights," "defenses," "attorney," "firm," and "case" can evoke the idea of litigation. Thus, it is impossible not to place a debtor in some degree of apprehension of litigation when he or she receives a debt collection notice. Where the communication crosses the line from being informative and suggestive to being objectively threatening or deceptive to an unsophisticated debtor—that is where a court must draw the line between legal and illegal behavior. By merely informing the debtor that there is an outstanding debt and that the debtor should explore his options with the debt collector or a lawyer, the Defendant did not cross that line.

*Id.*; *see also Covington v. Franklin Collection Serv. Inc.*, No. 16–2262–JWL, 2016 WL 4159731 (D. Kan. Aug. 5, 2016) ("Courts have found that for a collection notice impermissibly to threaten legal action, it must falsely communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." (quoting *Combs v. Direct Marketing Credit Servs., Inc.*, 165 F.3d 31, 1998 WL 911691, at *2 (7th Cir. 1998))).

Other courts have agreed that the use of certain legal terms and phrases in a debt collection letter does not suggest that the letter is from a law firm or threaten legal action. In *Brunett v. Franklin Collection Service, Inc.*, No. 18-CV-163, 2018 WL 2170334 (E.D. Wis. May 10, 2018), the court rejected the plaintiff's argument that the defendant's repeated references to a "case number" were misleading. The court reasoned that "a 'case number' can be used in many contexts outside of litigation" and noted that the case number was preceded by a reference to FCSI, thereby eliminating any possible inference that the case number was issued by a court of law. *Id.* at *4.

5

The court also noted that the letter's use of the word "firm" would not lead an unsophisticated consumer to believe that the letter was sent by a law firm because that word is not exclusive to the legal profession, the letter made no reference to a law firm, and the letter only identifies the defendant as a corporation and debt collector. *Id.* at *5; *see also Bradley v. Franklin Collection Serv., Inc.*, No. 5:10-cv-01537-AKK, 2013 U.S. Dist. LEXIS 45777, at *22–23 (N.D. Ala. Mar. 28, 2013) ("[T]he term 'collection firm' is merely a descriptive term used to explain Franklin's business. Indeed, terms such as 'firm' or 'associates,' although often used by attorneys, are used by a wide variety of businesses that are not engaged in the practice of law.").

The court finds the reasoning of these cases and the weight of this authority persuasive, and Klemp has failed to provide a compelling reason to deviate from their holdings. The terms used in FCSI's letter are not exclusive to the legal profession, and their use is not misleading or confusing. The letter explicitly states that the communication is from a debt collector, not a law firm, and that no attorney personally reviewed the debtor's account at the time of its mailing. Although Klemp asserts that the disclaimer acknowledges that an unsophisticated consumer might view the letter as coming from an attorney, the disclaimer in fact suggests that an attorney neither prepared the letter nor was involved with the account. In addition, the letter simply advises the debtor that he should pursue his options to either pay the debt, call FCSI, or contact an attorney. These options are not misleading and do not impress upon the reader that he is required to "pay or suffer dire consequences." *Rivera v. Franklin Collection Servs., Inc.*, No. 17-631, 2017 WL 3075085, at *3 (E.D. Penn. July 19, 2017). In short, the letter does not threaten legal action, improperly suggest that FCSI is a collection firm, or contain statements that are false, deceptive, or misleading. Klemp therefore has failed to state a claim upon which relief can be granted, and the case will be dismissed.

**CONCLUSION**

For these reasons, Defendant's motion to dismiss (Dkt. No. 11) is **GRANTED** and the case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
